■ In the Matter of PHILIP CAMPOLO, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician, was bathing his five-week-old son in the early morning hours of October 14, 1985 when the infant

slipped from his grasp and fell approximately two feet, striking his head on the edge of the sink. Petitioner immediately examined the infant for signs of injury and found none. According to petitioner, the infant appeared normal and healthy over the next few days, except for periods of occasional drowsiness and vomiting. He never informed his wife of the fall, although she questioned him about a bump behind the child's ear.

On October 17, 1985, after the infant had vomited his 2:00 A.M. feeding, petitioner awoke at 4:15 A.M. and discovered the infant limp and in respiratory distress. Petitioner called for an ambulance and attempted to resuscitate the child. Upon their arrival, petitioner informed the paramedics that the child had a virus with some breathing difficulty. At the hospital, petitioner failed to inform the medical staff of the child's fall and the infant continued to be treated for a respiratory illness. An attending physician ordered a CAT scan which revealed multiple areas of brain hemorrhages; an EEG showed no brain activity. The infant died after he was discontinued from life support equipment on October 18, 1985. Two days later, petitioner acknowledged that he had dropped the infant while bathing him days before.

Petitioner was subsequently convicted of criminally negligent homicide, a class E felony, based on the events leading to the death of his son. A professional disciplinary proceeding was brought against petitioner as a result of the criminal conviction (see, Education Law § 6509 [5] [a] [i]). After a hearing at which petitioner testified and offered evidence in mitigation, the Regents Review Committee found by a preponderance of the evidence that the charge was sustained and recommended that petitioner's license to practice medicine be revoked. The findings and recommendations were accepted by respondents. This proceeding seeking judicial review of the determination followed.

Petitioner's only contention is that the sanction imposed by respondents constituted an abuse of discretion under the standard of *Matter of Pell v Board of Educ.* (34 NY2d 222, 223). In light of all the circumstances, however, we are not persuaded that the penalty of license revocation is so disproportionate to petitioner's misconduct, involving both professional incompetence and moral turpitude, so as to be shocking (*supra*). Accordingly, we confirm the determination.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.